1  Bruce H. Jackson, State Bar No. 98118
   bruce.h.jackson@bakernet.com
2  **BAKER & McKENZIE LLP**
   Two Embarcadero Center, 11th Floor
3  San Francisco, CA  94111-3802
   Telephone: +1 415 576 3000
4  Facsimile:  +1 415 576 3099

5  Attorneys for Defendant
   NATIONAL TOBACCO COMPANY, LP

        UNITED STATES DISTRICT COURT

        NORTHERN DISTRICT OF CALIFORNIA

        SAN FRANCISCO DIVISION

| | |
|---|---|
| RAYMOND RILEY p.k.a. Boots Riley, SOLOMON DAVID and MARLON IRVING p.k.a. Lifesavas,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL TOBACCO COMPANY LP,<br><br>Defendant. | **Case No.  C-08-01931 JSW**<br><br>**[PROPOSED]**<br><br>**ORDER GRANTING DEFENDANT NATIONAL TOBACCO COMPANY'S MOTION TO DISMISS, STAY OR TRANSFER IN FAVOR OF FIRST-FILED ACTION IN NEW YORK; OR IN THE ALTERNATIVE, TO DISMISS OR TRANSFER FOR IMPROPER VENUE UNDER F.R.C.P. 12(b)(3) and 28 U.S.C. § 1406(a); OR IN THE ALTERNATIVE, TO TRANSFER FOR THE CONVENIENCE OF THE PARTIES UNDER 28 U.S.C. § 1404(a)**<br><br>Date:      June 13, 2008<br>Time:      9:00 a.m.<br>Crtrm:    2, 17th Floor<br>Before:   The Honorable Jeffrey S. White<br><br>**[FILED VIA E-FILING]** |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

Case No C-08-01931 JSW
[PROPOSED] ORDER GRANTING DEF'S MOTION TO DISMISS OR TRANSFER OR STAY

1    The motion of Defendant National Tobacco Company LP ("NTC") to dismiss, stay, or transfer in favor of first-filed action in New York; or in the alternative, to dismiss or transfer for improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) or, in the alternative, to transfer for the convenience of the parties and witnesses under 28 U.S.C. § 1404(a) came on regularly for hearing before this Court on June 13, 2008 at 9:00 a.m.

After considering the moving and opposition papers, arguments of counsel, and all other matters presented to the Court, IT IS HEREBY ORDERED that:

NTC'S motion to dismiss this action is hereby **GRANTED**.

1.  Dismissal of this action is warranted because of the prior-filed action by NTC against Plaintiffs and others pending in the United States District Court for the Southern District of New York. The principles of federal comity permit a district court to dismiss an action when a complaint involving the same parties and issues has already been filed in another district. Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). Dismissal in this case is warranted on the following grounds: NTC's action in the Southern District of New York was filed before Plaintiffs' action in the Northern District of California. It encompasses all parties and substantially all issues raised in this action and arises out of the same set of transactions and occurrences. Dismissing this action, in light of a pending action in New York that would allow comprehensive disposition of the issues in the present action, would also further judicial efficiency and the conservation of judicial resources. See Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991).

2.  Dismissal of this action is independently warranted under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). The Northern District of California is the improper venue for this action, as the parties are bound by a forum selection clause that mandates the adjudication of all disputes in New York. 28 U.S.C. § 1406(a) provides the grounds for dismissing an action when a plaintiff files a case in the improper venue. Forum selection clauses are *prima facie* valid absent a strong showing that enforcement would be unreasonable or unjust. Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 514-15 (9th Cir. 1988). Plaintiffs Raymond Riley, Solomon David and Marlon Irving are bound by the provisions of the Agreement between NTC and Galactic Funk Touring, Inc., as Galactic Funk Touring, Inc.'s Manager Paul Peck signed

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

Case No C-08-01931 JSW
[PROPOSED] ORDER GRANTING DEF'S MOTION TO DISMISS OR TRANSFER OR STAY

the Agreement with the authority to act as their agent and on their behalf; Plaintiffs' actions in permitting Mr. Peck to sign the sponsorship agreement, their performance at the show, and their interactions with ZigZagLive representatives provided Mr. Peck at least apparent authority; and Plaintiffs' actions are so related to the substance of the Agreement as to fall under the terms of the Agreement.  C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc., 213 F.3d 474, 479 (9th Cir. 2000); Manetti-Farrow, Inc., 858 F.2d at 514 n5; Tolentino v. Mossman, 2007 U.S. Dist. LEXIS 95717, *22 (E.D. Cal. 2007).

IT IS SO ORDERED.

Date: _____

The Honorable Jeffrey S. White
United States District Judge

NYCDMS/1085714.2

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

2

Case No C-08-01931 JSW
[PROPOSED] ORDER GRANTING DEF'S MOTION TO DISMISS OR TRANSFER OR STAY