1  Bruce H. Jackson, State Bar No. 98118
     bruce.h.jackson@bakernet.com
2  Irene V. Gutierrez, State Bar No. 252927
     irene.v.gutierrez@bakernet.com
3  **BAKER & McKENZIE LLP**
   Two Embarcadero Center, 11th Floor
4  San Francisco, CA  94111-3802
   Telephone: +1 415 576 3000
5  Facsimile:  +1 415 576 3099

6  Marcella Ballard, Admitted *Pro Hac Vice*
     marcella.ballard@bakernet.com
7  **BAKER & MCKENZIE LLP**
   1114 Avenue of the Americas
8  New York, NY  10036
   Telephone: +1 212 626 4100
9  Facsimile:  +1 212 310 1600

10  Attorneys for Defendant
    NATIONAL TOBACCO COMPANY, LP

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14                SAN FRANCISCO DIVISION

15

16  RAYMOND RILEY p.k.a. Boots Riley,          **Case No. C-08-01931 JSW**
    SOLOMON DAVID and MARLON IRVING
17  p.k.a. Lifesavas,                          **REPLY DECLARATION OF MATT
                                               McDONALD IN SUPPORT OF MOTION
18          Plaintiffs,                        TO DISMISS, STAY OR TRANSFER BY
                                               DEFENDANT NATIONAL TOBACCO
19      v.                                     COMPANY**

20  NATIONAL TOBACCO COMPANY LP,               **Date:        June 20, 2008**
                                               **Time:          9:00 a.m.**
21          Defendant.                         **Courtroom:    2, 17th Floor**
                                               **Before:   The Honorable Jeffrey S. White**
22
                                               **[FILED VIA E-FILING]**
23

24

25

26

27

28

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No C-08-01931 JSW
REPLY DECL OF MATT McDONALD ISO DEF'S MOTION TO DISMISS, STAY OR TRANSFER

I, Matt McDonald, declare as follows:

1.    I am Vice President, Artists and Events CMJ Network, Inc., which acts as an agent for defendant National Tobacco Company, L.P. ("NTC") and runs NTC's Zig-Zag® Live ("ZigZagLive") promotions.  I have personal knowledge of the matters set forth herein, and, if called as a witness, I could and would testify competently thereto.

2.    I understand that in a declaration filed in this matter, Paul Peck contends that he never represented to anyone that he had authority to enter agreements on behalf of Plaintiffs Raymond Riley or Lifesavas, and that the Artist Sponsorship Agreement had nothing to do with Plaintiffs Raymond Riley or Lifesavas.

3.    As indicated in my earlier declaration, I negotiated with Tom Chauncey, Galactic Funk Touring Inc.'s booking agent, and Paul Peck for ZigZagLive to sponsor four performances in specific markets: New York, Boston, Raleigh, and Athens, Georgia that occurred in the Fall of 2007.

4.    In dealing with Tom Chauncey, he told me that the artists were enthusiastic about the sponsorship because it would help the tour break even or be profitable.

5.    Mr. Chauncey also told me in the course of negotiating the Agreement (which was attached as Exhibit A to my previous declaration in this matter) that the touring party was called Galactic Funk Touring, Inc. ("Galactic Funk"), so that the Agreement should list Galactic Funk Touring Inc., rather than "Galactic" as a party.

6.    Tom Chauncey then referred me to Paul Peck, who directed me to the Galactic Funk website www.galacticfunk.com/presskit  for ad mats and artwork.

7.    Those materials on the "Galactic Funk" website included the names and likenesses of Plaintiffs – that is, Boots Riley and Lifesavas.

8.    It was through Mr. Peck indicating that I should use the artwork referring to all of the performing artists on the enumerated tour dates, including Plaintiffs in this action, that I understood the identities of all the artists who would be performing as, and sponsored in, the "Galactic Funk" touring group on the ZigZagLive tour.

9.    As stated in my previous declaration, Mr. Peck provided specific direction as to how all of the artists – Galactic, Lifesavas and Boots Riley – should be portrayed on the promotional

1

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No C-08-01931 JSW
REPLY DECL OF MATT McDONALD ISO DEF'S MOTION TO DISMISS, STAY OR TRANSFER

1    materials. *See* Ex. B, C to my earlier declaration.

2    10.    Based upon these representations and other matters stated in my previous declaration,

3    I understood that Galactic Funk was the touring group as a whole. I further understood that Mr.

4    Peck and Mr. Chauncey were acting as agents for the "Galactic Funk" touring group as a whole.

5    11.    Specifically, neither Peck nor Chauncey ever informed me that they did not have

6    authority to represent all of the performing artists in the touring group with regard to the ZigZagLive

7    tour. Nor did either of them tell me that I should contact anyone else to seek approval for use of the

8    artists' names and likenesses. Instead, Peck specifically approved ZigZagLive promotional

9    materials identifying all of the artists performing in the sponsored performances, including Plaintiffs.

10    12.    ZigZagLive's promotional materials and website referring to Plaintiffs used names,

11    likenesses and links to Plaintiffs' own web pages that were obtained from the Galactic Funk website

12    to which Peck referred me. We did not create the references to Plaintiffs ourselves – the ZigZagLive

13    promotional materials were created using the template provided by Galactic Funk that contained

14    references to Plaintiffs.

15    13.    The ZigZagLive website also had blogs and show reviews of the sponsored

16    performances, as well as a drop down menu which directs viewers to a "poster" section on which

17    fans may apply to receive autographed posters of the artists who appeared on the ZigZagLive tour.

18    14.    I understand that in declarations filed in this matter, Plaintiffs Boots Riley and Marlon

19    Irving and Solomon David of Lifesavas assert that they may have "briefly socialized with the

20    representatives of CMJ – who were apparently working for National Tobacco Company."

21    15.    The implication in the above statement that the CMJ representatives did not clearly

22    identify themselves with Zig-Zag® products and ZigZagLive is false.

23    16.    The promotional tables that were present during Plaintiffs' shows had ZigZagLive

24    and Zig-Zag® banners and merchandise. Exhibits A and B hereto are true copies of two

25    photographs of the ZigZagLive promotional material display table at the Raleigh, North Carolina

26    performance by the Galactic Funk touring group, including Plaintiffs Boots Riley and Livesavas,

27    that I attended.

28    17.    As Vice President, Artists and Events for CMJ, I have access to CMJ's files

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

1  concerning the ZigZagLive sponsored performances.  Exhibits C and D hereto are true copies of two

2  photographs from CMJ's files of the display table at the New York, New York performance by the

3  Galactic Funk touring group, including Plaintiffs.

4          18.    As the photographs make clear, the promotional displays at the concert venues feature

5  both ZigZagLive and Zig-Zag® products in an obvious and prominent manner.

6          19.    As part of the promotion under the Agreement, ZigZagLive representatives asked the

7  artists performing at shows to sign ZigZagLive posters for the performances to be given away to fans

8  at the shows and also to be featured and given away to fans through the ZigZagLive website.

9  Exhibit E hereto is a true copy of a screenshot from the "posters" section of the ZigZagLive website.

10         20.    I have seen the posters that Boots Riley, and Solomon David and Marlon Irving all

11  willingly signed, which prominently feature the ZigZagLive logo.  Exhibit F hereto is a true copy of

12  such a poster signed by Plaintiff Boots Riley.  Exhibit G hereto is a true copy of such a poster signed

13  by Plaintiffs Solomon David and Marlon Irving as Lifesavas.

14         21.    The "Galactic" posters (like those that were autographed and signed by Plaintiffs) are

15  also displayed prominently on the ZigZagLive tables.  *See* Exs. A-D.

16         22.    I spoke to Plaintiffs Solomon David and Marlon Irving at the Raleigh show.  When

17  they stopped by the ZigZagLive table, they asked what we – the CMJ/ZigZagLive representatives –

18  were doing there.  I told them we were there for ZigZagLive, which was sponsoring some of the

19  shows on the tour.

20         23.    Rather than showing "surprise" or "alarm" at the affiliation with ZigZagLive, they

21  indicated to me that ZigZagLive's participation was cool.

22         24.    Based upon my personal interaction with Lifesavas at the Raleigh show, the size and

23  nature of the ZigZagLive promotion, and the fact that all Plaintiffs willingly autographed

24  ZigZagLive promotional posters – all of which occurred in 2007 – I find it incredible that they claim

25  to have only recently (*i.e.,* in 2008) "discovered" ZigZagLive's use of their names and likenesses.

26

27

28

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

3

Case No C-08-01931 JSW
REPLY DECL OF MATT McDONALD ISO DEF'S MOTION TO DISMISS, STAY OR TRANSFER

1       I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct and that this declaration was executed on June 5, 2008 at New York,

3  New York.

4

5                               Matt McDonald

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4













