1  Bruce H. Jackson, State Bar No. 98118
   bruce.h.jackson@bakernet.com
2  Irene V. Gutierrez, State Bar No. 252927
   irene.v.gutierrez@bakernet.com
3  **BAKER & McKENZIE LLP**
   Two Embarcadero Center, 11th Floor
4  San Francisco, CA 94111-3802
   Telephone: +1 415 576 3000
5  Facsimile: +1 415 576 3099

6  Marcella Ballard, Admitted *Pro Hac Vice*
   marcella.ballard@bakernet.com
7  **BAKER & MCKENZIE LLP**
   1114 Avenue of the Americas
8  New York, NY 10036
   Telephone: +1 212 626 4100
9  Facsimile: +1 212 310 1600

10 Attorneys for Defendant
   NATIONAL TOBACCO COMPANY, LP
11

12              UNITED STATES DISTRICT COURT
13              NORTHERN DISTRICT OF CALIFORNIA
14              SAN FRANCISCO DIVISION
15

16 RAYMOND RILEY p.k.a. Boots Riley,          Case No. C-08-01931 JSW
   SOLOMON DAVID and MARLON IRVING
17 p.k.a. Lifesavas,                          **REPLY DECLARATION OF WINIFRED
                                              CHANE IN SUPPORT OF MOTION TO
18         Plaintiffs,                        DISMISS, STAY OR TRANSFER BY
                                              DEFENDANT NATIONAL TOBACCO
19     v.                                     COMPANY**

20 NATIONAL TOBACCO COMPANY LP,               Date:       June 20, 2008
                                              Time:       9:00 a.m.
21         Defendant.                         Courtroom:  2, 17th Floor
                                              Before:     The Honorable Jeffrey S. White
22
                                              [FILED VIA E-FILING]
23

24
25
26
27
28

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000    NYCDMS/1089340.1    REPLY DECL OF WINIFRED CHANE ISO DEF'S MOTION TO DISMISS, STAY OR TRANSFER    Case No C-08-01931 JSW

I, Winifred Chane, declare as follows:

1. I am Director of Marketing of The CMJ Network, Inc. ("CMJ"), which acts as an agent for defendant National Tobbacco Company, L.P. ("NTC") and runs NTC's Zig-Zag® Live ("ZigZagLive") promotions. I have personal knowledge of the matters set forth herein, and, if called as a witness, I could and would testify competently thereto.

2. As stated in my previous declaration, I attended ZigZagLive-sponsored shows in New York, New York and Boston, Massachusetts in November 2007 at which the band Galactic featuring Boots Riley and Lifesavas performed.

3. I understand that Plaintiffs Boots Riley and Lifesavas contend that they were unaware until recently that their names and likenesses were being used in connection with ZigZagLive, and that they would not consent to such use. But I spoke with Plaintiffs Boots Riley and Lifesavas at the Boston show and told them that ZigZagLive would like them to sign posters bearing the ZigZagLive logo, and that the posters would be given out to winning entrants who provided their e-mail addresses to ZigZagLive and then replied to the ZigZagLive internet marketing e-mail. Exhibits A and B hereto are true copies of posters signed by Boots Riley and Lifesavas, respectively.

4. Not only did I tell Plaintiffs that the posters they were providing would be given away through ZigZagLive internet marketing, I did so while standing by the ZigZagLive promotional table. Exhibit C hereto is a true copy of a photograph of a member of Lifesavas signing posters with the ZigZagLive logo at the promotional table at the Boston show. The list visible in the foreground is the ZigZagLive internet marketing e-mail promotion to which I refer in the previous paragraph.

5. Exhibits D and E hereto are true copies of a photograph of the other member of Lifesavas at the ZigZagLive table at the Boston show.

6. As stated in my previous declaration, I also gave out Zig-Zag® branded merchandise to Plaintiffs while they were at the table. Plaintiffs, including both Boots Riley and Lifesavas, told me that they thought ZigZagLive was a good sponsor for the shows and were very enthusiastic about the promotion, spending a significant amount of time at the ZigZagLive table and signing a lot of posters.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

NYCDMS/1089340.1

1

REPLY DECL. OF WILFRED CHANE ISO DEF'S MOTION TO DISMISS, STAY OR TRANSFER

Case No C-08-01931 JSW

7. Plaintiff Boots Riley asked for the ZigZagLive guitar visible in the photos and referenced in my previous declaration at the Boston show. He asserted the fact that he was playing on the tour as a good reason to give him the guitar.

8. Accordingly, it is not credible to me that Plaintiffs claim that they did not approve of ZigZagLive using their names and likenesses or that they only "discovered" ZigZagLive's use of their names and likenesses in 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on June 6, 2008 at New York, New York.

_____
Winifred Chane

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

NYCDMS/1089340.1

2

Case No C-08-01931 JSW
REPLY DECL OF WINIFRED CHANE ISO DEF'S MOTION TO DISMISS, STAY OR TRANSFER









