Bruce H. Jackson, State Bar No. 98118
bruce.h.jackson@bakernet.com
Irene V. Gutierrez, State Bar No. 252927
irene.v.gutierrez@bakernet.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802
Telephone: +1 415 576 3000
Facsimile:  +1 415 576 3099

Marcella Ballard, Admitted *Pro Hac Vice*
marcella.ballard@bakernet.com
**BAKER & MCKENZIE LLP**
1114 Avenue of the Americas
New York, NY  10036
Telephone: +1 212 626 4100
Facsimile:  +1 212 310 1600

Attorneys for Defendant
NATIONAL TOBACCO COMPANY, LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAYMOND RILEY p.k.a. Boots Riley, SOLOMON DAVID and MARLON IRVING p.k.a. Lifesavas,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONAL TOBACCO COMPANY LP,<br><br>　　　　Defendant. | **Case No. C-08-01931 JSW**<br><br>**EVIDENTIARY OBJECTIONS BY DEFENDANT NATIONAL TOBACCO COMPANY TO DECLARATION TESTIMONY PROFERRED BY PLAINTIFFS**<br><br>**Date:**　　　**June 20, 2008**<br>**Time:**　　　**9:00 a.m.**<br>**Courtroom:**　**2, 17th Floor**<br>**Before:**　The Honorable Jeffrey S. White<br><br>**[FILED VIA E-FILING]** |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

SFODMS/6550197.1

Case No C-08-01931 JSW
EVIDENTIARY OBJS BY DEFENDANT TO DECLARATION TESTIMONY BY PLAINTIFFS

Pursuant to Civil Local Rule 7-5, Rule 56 of the Federal Rules of Civil Procedure, Rules 401, 402, 403, 601, 602, 701, 702, 801and 802 of the Federal Rules of Evidence, and 28 U.S.C. §1746, Defendant National Tobacco Company LP ("NTC") hereby submits the following evidentiary objections to various declaration testimony argued by Plaintiffs Raymond Riley, Solomon David, and Marlon Irving ("Plaintiffs") in support of their opposition to NTC's motion to dismiss, stay, or transfer, as well as the declaration testimony argued by Anthony McNamer, Paul Peck and Kenneth Erlick in support of the same.

N.D. Cal. Civil Local Rule 7-5(b) provides that "[a]n affidavit or declarations may contain only facts, must conform as much as possible to the requirements of Federal Rule of Civil Procedure 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor." *See also* Reiffin v. Microsoft Corp., 270 F.Supp. 2d 1132, 1144 (N.D. Cal. 2003); EEOC v. Lexus of Serramonte, 2006 U.S. Dist. LEXIS 67895, at *13 (N.D. Cal. Sept. 11, 2006).

Federal Rule of Civil Procedure 56(e) requires opposing affidavits to be made on personal knowledge, set forth specific facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. Proc. 56(e); *see also* Columbia Pictures Indus. Inc. v. Prof'l Real Estate Investors, Inc., 944 F.2d 1525 (9th Cir. 1991) (finding that a witnesses' declaration did not satisfy the requirements of Fed. R. Civ. P. 56(e) because it was based, not on personal knowledge, but rather on "information and belief" without specifying the basis therefor). A declaration not in compliance with Civil Local Rule 7-5(b), including the requirements of Federal Rule of Civil Procedure 56(e), may be stricken in whole or in part. Civil L.R. 7-5(b). Thus, NTC requests that the Court sustain the objections and strike the portions of declarations listed below.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

NYCDMS/1089469.2

1

Case No C-08-01931 JSW
EVIDENTIARY OBJS BY DEFENDANT TO DECLARATION TESTIMONY BY PLAINTIFFS

# OBJECTIONS TO EVIDENCE

## Declaration of Anthony McNamer, Filed May 30, 2008

| Obj. No. | Para./Exh. No. | Basis of Objection |
|---|---|---|
| 1 | ¶ 5, "Unbeknownst to me, and (sic) direct contraction (sic) of Ms. Ballard (sic) purported interest in discussing settlement, Ms. Ballard had already filed a declaratory relief case in the Southern District of New York." | Lack of Personal Knowledge<br>Speculation<br><br>[FED.R.EVID. 602, 701] |
| 2 | Final Paragraph, "I hereby declare that the above statement is true to the best of my knowledge and belief and that I understand that is made for use as evidence in court and is subject to penalty for perjury." | Lack of Personal Knowledge<br>Improper Verification<br><br>[FED. R. EVID. 602, 28 U.S. § 1746] |

## Declaration of Marlon Irving, Filed May 30, 2008

| Obj. No. | Para./Exh. No. | Basis of Objection |
|---|---|---|
| 3 | ¶ 6, "It is now my understanding Galactic is a sponsored Zig-Zag Artist for National Tobacco Company, LP." | Hearsay<br>Lack of Personal Knowledge<br>[FED.R.EVID. 602, 801, 802] |
| 4 | ¶ 7, "It was recently discovered that, since October 25, 2007, National Tobacco Company LP ("National Tobacco") has been using our names, likeness and biography to promote its products, specifically its Zig-Zag branded products." | Hearsay<br>Lack of Personal Knowledge<br><br>[FED.R.EVID. 602, 701, 801, 802] |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

SFODMS/6550197.1

2

Case No C-08-01931 JSW
EVIDENTIARY OBJS BY DEFENDANT TO DECLARATION TESTIMONY BY PLAINTIFFS

| | | |
|---|---|---|
| 5 | ¶ 7, "National Tobacco had no license or authority to use our names, likeness and biography and therefore violated our right of publicity." | Legal Conclusion<br><br>Lack of Personal Knowledge<br><br>[FED.R.EVID. 602, 701] |
| 6 | ¶ 8, "Given (sic) tobacco company's known exploitation of the African American community and other obvious reasons . . ." | Lack of Personal Knowledge<br><br>Prejudicial<br><br>Hearsay<br><br>Conclusion<br><br>Speculation<br><br>Not Relevant<br><br>[FED.R.EVID. 401, 402, 403, 602, 701, 801, 802] |
| 7 | ¶ 8, " . . . I would never license Lifesavas' or my name, photograph or biography to promote tobacco products." | Lack of Personal Knowledge<br><br>Legal Conclusion<br><br>Hypothetical<br><br>Speculation<br><br>Disputed<br><br>[FED.R.EVID. 602, 701] |
| 8 | ¶ 12, Entire Paragraph | Legal Conclusion<br><br>Lack of Personal Knowledge<br><br>[FED.R.EVID. 602, 701] |
| 9 | ¶ 13, "I assume that we would be the primary witnesses in this case, along with our managers, who also reside in California and Oregon." | Legal Conclusion<br><br>Lack of Personal Knowledge<br><br>[FED.R.EVID. 602, 701] |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

SFODMS/6550197.1

3

Case No C-08-01931 JSW
EVIDENTIARY OBJS BY DEFENDANT TO DECLARATION TESTIMONY BY PLAINTIFFS

| Obj. No. | Para./Exh. No. | Basis of Objection |
|---|---|---|
| 10 | ¶ 13, " . . . the only nexus New York has to this action is that National Tobacco's attorney's have an office there." | Lack of Personal Knowledge<br>Conclusion<br>[FED.R.EVID. 602, 701] |
| 11 | Final Paragraph, "…true to the best of my knowledge and belief and that I understand that is made for use as evidence in court and is subject to penalty for perjury." | Lack of Personal Knowledge<br>Improper Verification<br>[FED. R. EVID. 602, 28 U.S. § 1746] |

## Declaration of Raymond Riley, Filed May 30, 2008

| Obj. No. | Para./Exh. No. | Basis of Objection |
|---|---|---|
| 12 | ¶ 7, "It was recently discovered that, since October 17, 2007, National Tobacco Company LP ("National Tobacco") has been using my name, likeness and biography to promote its products, specifically its Zig-Zag branded products." | Lack of Personal Knowledge<br>Hearsay<br>[FED.R.EVID. 602, 801, 802] |
| 13 | ¶ 7, "National Tobacco had no license or authority to use my name, likeness and biography and therefore violated my right of publicity." | Lack of Personal Knowledge<br>Legal Conclusion<br>[FED.R.EVID. 602, 701] |
| 14 | ¶ 8, "Given the tobacco company's known exploitation of the African American community, . . ." | Lack of Personal Knowledge<br>Prejudicial<br>Hearsay<br>Conclusion<br>Speculation<br>Not Relevant |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

SFODMS/6550197.1

4

Case No C-08-01931 JSW
EVIDENTIARY OBJS BY DEFENDANT TO DECLARATION TESTIMONY BY PLAINTIFFS

| | | [FED.R.EVID. 401, 402, 403, 602, 701, 801, 802] |
|---|---|---|
| 15 | ¶ 8, ". . . I would never license my name, photograph or biography to promote tobacco products." | Lack of Personal Knowledge<br>Legal Conclusion<br>Hypothetical<br>Speculation<br>Disputed<br>[FED.R.EVID. 602, 701] |
| 16 | ¶ 12, Entire Paragraph | Legal Conclusion<br>[FED.R.EVID. 701] |
| 17 | ¶ 13, "…the only nexus New York has to this action is that National Tobacco's attorneys have an office there." | Lack of Personal Knowledge<br>Conclusion<br>[FED.R.EVID. 602, 701] |
| 18 | ¶ Final Paragraph: "I hereby declare that the above statement is true to the best of my knowledge and belief and that I understand that is made for use as evidence in court and is subject to penalty for perjury." | Lack of Personal Knowledge<br>Improper Verification<br>[FED. R. EVID. 602, 28 U.S. § 1746] |

## Declaration of Kenneth Erlick, Filed May 30, 2008

| **Obj. No.** | **Para./Exh. No.** | **Basis of Objection** |
|---|---|---|
| 19 | ¶ 3, "I have never authorized Galactic or their manager Paul Peck to act on behalf of Lifesavas or Boots Riley." | Legal Conclusion<br>[FED.R.EVID. 701] |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

SFODMS/6550197.1

5

Case No C-08-01931 JSW
EVIDENTIARY OBJS BY DEFENDANT TO DECLARATION TESTIMONY BY PLAINTIFFS

| | | |
|---|---|---|
| 20 | ¶ 3, "I would never even suggest that they enter into a sponsorship agreement to promote tobacco products." | Lack of Personal Knowledge<br><br>Legal Conclusion<br><br>Hypothetical<br><br>Speculation<br><br>Disputed<br><br>[FED.R.EVID. 602, 701] |
| 21 | ¶ 5, "Anyone with an even basic familiarity of the music industry would necessarily understand that the mere fact that a band is sharing a bill doesn't mean the bands somehow merge into each other." | Lack of Personal Knowledge<br><br>Legal Conclusion<br><br>Speculation<br><br>Lack Expert Foundation<br><br>[FED.R.EVID. 602, 701, 702] |
| 22 | ¶ 5, "Similarly, guest performers who occasionally perform with a band do not by that action become a member of that band." | Lack of Personal Knowledge<br><br>Legal Conclusion<br><br>Speculation<br><br>Lacks Expert Foundation<br><br>[FED.R.EVID. 602, 701, 702] |
| 23 | ¶ 5, "Lifesavas and Boot (sic) Riley have never been a part of Galactic." | Lack of Personal Knowledge<br><br>Conclusion<br><br>[FED.R.EVID. 602, 701] |
| 24 | Final Paragraph, "…true to the best of my knowledge and belief and that I understand that is made for use as evidence in court and is subject to penalty for perjury." | Lack of Personal Knowledge<br><br>Improper Verification<br><br>[FED. R. EVID. 602, 28 U.S. § 1746] |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

SFODMS/6550197.1

6

Case No C-08-01931 JSW
EVIDENTIARY OBJS BY DEFENDANT TO DECLARATION TESTIMONY BY PLAINTIFFS

## Declaration of Solomon David, Filed May 30, 2008

| Obj. No. | Para./Exh. No. | Basis of Objection |
|---|---|---|
| 25 | ¶ 6, "It is now my understanding Galactic is a sponsored Zig-Zag Artist for National Tobacco Company, LP." | Hearsay<br>Lack of Personal Knowledge<br><br>[FED.R.EVID. 602, 701] |
| 26 | ¶ 7, "It was recently discovered that, since October 25, 2007, National Tobacco Company LP ("National Tobacco") has been using our names, likeness and biography to promote its products, specifically its Zig-Zag branded products." | Hearsay<br>Lack of Personal Knowledge<br><br>[FED.R.EVID. 602, 701] |
| 27 | ¶ 7, "National Tobacco had no license or authority to use our names, likeness and biography and therefore violated our right of publicity." | Legal Conclusion<br>Lack of Personal Knowledge<br><br>[FED.R.EVID. 602, 701] |
| 28 | ¶ 8, "Given tobacco company's (sic) known exploitation of the African American community and other obvious reasons . . ." | Lack of Personal Knowledge<br>Prejudicial<br>Hearsay<br>Conclusion<br>Speculation<br>Not Relevant<br>[FED.R.EVID. 401, 402, 403, 602, 701, 801, 802] |

7

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

SFODMS/6550197.1

Case No C-08-01931 JSW
EVIDENTIARY OBJS BY DEFENDANT TO DECLARATION TESTIMONY BY PLAINTIFFS

| Obj. No. | Para./Exh. No. | Basis of Objection |
|---|---|---|
| 29 | ¶ 8, " . . . I would never license Lifesavas' or my name, photograph or biography to promote tobacco products." | Lack of Personal Knowledge<br>Legal Conclusion<br>Hypothetical<br>Speculation<br>Disputed<br>[FED.R.EVID. 602, 701] |
| 30 | ¶ 12, Entire Paragraph | Legal Conclusion<br>Lack of Personal Knowledge<br>[FED.R.EVID. 602, 701] |
| 31 | ¶ 13, "I assume that we would be the primary witnesses in this case, along with our managers, who also reside in California and Oregon." | Legal Conclusion<br>Lack of Personal Knowledge<br>[FED.R.EVID. 602, 701] |
| 32 | ¶ 13, " . . . the only nexus New York has to this action is that National Tobacco's attorneys have an office there." | Lack of Personal Knowledge<br>Conclusion<br>[FED.R.EVID. 602, 701] |
| 33 | Final Paragraph, "…true to the best of my knowledge and belief and that I understand that is made for use as evidence in court and is subject to penalty for perjury." | Lack of Personal Knowledge<br>Improper Verification<br>[FED. R. EVID. 602, 28 U.S. § 1746] |

## Declaration of Paul Peck, Filed May 30, 2008

| Obj. No. | Para./Exh. No. | Basis of Objection |
|---|---|---|
| 34 | ¶ 1, "Galactic Funk Touring, Inc. is Galactic's corporate form." | Lack of Personal Knowledge<br>Legal Conclusion<br>[FED.R.EVID. 602, 701] |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

SFODMS/6550197.1

8

Case No C-08-01931 JSW
EVIDENTIARY OBJS BY DEFENDANT TO DECLARATION TESTIMONY BY PLAINTIFFS

| | | |
|---|---|---|
| 35 | ¶ 3, "Obviously, the other musical artists who happen to share a bill with Galactic are not members of Galactic and are not managed by me." | Lack of Personal Knowledge<br><br>Legal Conclusion<br><br>Lacks Expert Foundation<br><br>[FED.R.EVID. 602, 701, 702] |
| 36 | ¶ 3, "Anyone with even basic familiarity with the music industry would necessarily understand that the mere fact that a band is sharing a bill doesn't mean the bands somehow merge into each other." | Lack of Personal Knowledge<br><br>Conclusion<br><br>Speculation<br><br>Hearsay<br><br>Not Relevant<br><br>Lacks Expert Foundation<br><br>[FED.R.EVID. 401, 402, 602, 701, 702, 801, 802] |
| 37 | ¶ 3, "If the Rolling Stones are on tour and Van Morrison opens up, Van Morrison does not become a member of the Rolling Stones, and the Rolling Stones' manager doesn't somehow become Van Morrison's manager." | Lack of Personal Knowledge<br><br>Hypothetical<br><br>Speculation<br><br>Not Relevant<br><br>Lacks Expert Foundation<br><br>[FED.R.EVID. 401, 402, 602, 701, 702] |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

SFODMS/6550197.1

9

Case No C-08-01931 JSW
EVIDENTIARY OBJS BY DEFENDANT TO DECLARATION TESTIMONY BY PLAINTIFFS

| | | |
|---|---|---|
| 38 | ¶ 4. "Again, this is a common occurrence in the music industry." | Conclusion<br><br>Speculation<br><br>Lack of Personal Knowledge<br><br>Hearsay<br><br>Lacks Expert Foundation<br><br>[FED.R.EVID. 602, 701, 702, 801, 802] |
| 39 | ¶ 4, "Those guest performers are not members of Galactic and they are not managed by me." | Conclusion<br><br>Lack of Personal Knowledge<br><br>[FED.R.EVID. 602, 701] |
| 40 | ¶ 4, "Anyone with even basic familiarity with the music industry would necessarily understand that guest performers are not part of the band. As the term indicates – they are guests." | Lack of Personal Knowledge<br><br>Speculation<br><br>Lacks Expert Foundation<br><br>[FED.R.EVID. 602, 701, 702] |
| 41 | ¶ 4, "Similar to the example above, if Van Morrison came on stage and sang a song with the Rolling Stones, that clearly wouldn't make Van Morrison a member of the Rolling Stones, or somehow make Van Morrison managed by the Rolling Stones' manager." | Lack of Personal Knowledge<br><br>Speculation<br><br>Lacks Expert Foundation<br><br>Not Relevant<br><br>[FED.R.EVID. 401, 402, 602, 701, 702] |
| 42 | ¶ 5, "At all relevant times Raymond Riley was either a member of the musical group "The Coup" or a solo performer." | Lack of Personal Knowledge<br><br>Legal Conclusion<br><br>[FED.R.EVID. 602, 701] |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

SFODMS/6550197.1

10

Case No C-08-01931 JSW
EVIDENTIARY OBJS BY DEFENDANT TO DECLARATION TESTIMONY BY PLAINTIFFS

| 43 | ¶ 5, "All readily accessible public information makes clear that Raymond Riley is managed by Kenneth Erlick." | Lack of Personal Knowledge<br><br>Speculation<br><br>Hearsay<br><br>Conclusory<br><br>[FED.R.EVID. 602, 701, 801, 802] |
|---|---|---|
| 44 | ¶ 6, "All readily accessible public information makes clear that Lifesavas is managed by Kenneth Erlick." | Lack of Personal Knowledge<br><br>Conclusion<br><br>Hearsay<br><br>Speculation<br><br>[FED.R.EVID. 602, 701, 801, 802] |
| 45 | ¶ 7, "That Agreement had nothing to do with Raymond Riley or Lifesavas." | Lack of Personal Knowledge<br><br>Conclusion<br><br>[FED.R.EVID. 602, 701] |
| 46 | ¶ 7, "I would never purport to enter into an agreement on behalf of artists that I do not represent." | Hypothetical<br><br>Lack of Personal Knowledge<br><br>Speculation<br><br>[FED.R.EVID. 602, 701] |
| 47 | ¶7, "No person with any familiarity with the music industry or live shows could reasonably believe that Raymond Riley (or the other two guest vocalists) were somehow "members" of Galactic, or that the opening act was somehow merged into Galactic." | Hearsay<br><br>Lack of Personal Knowledge<br><br>Conclusion<br><br>Not Relevant<br><br>Lack of Expert Foundation<br><br>[FED.R.EVID. 401, 402, 602, 701, 702, 801, 802] |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

SFODMS/6550197.1

11

Case No C-08-01931 JSW
EVIDENTIARY OBJS BY DEFENDANT TO DECLARATION TESTIMONY BY PLAINTIFFS

| 48 | ¶ 7, "No person could reasonably believe that I was somehow managing these other independent artists, (sic) just because they were all on the same bill." | Speculation<br><br>Lack of Personal Knowledge<br><br>Legal Conclusion<br><br>Not Relevant<br><br>[FED.R.EVID. 602, 701] |
|---|---|---|
| 49 | ¶ 8, Entire Paragraph | Hypothetical<br><br>Conclusion<br><br>Lack of Personal Knowledge<br><br>[FED.R.EVID. 602, 701] |

Dated:  June 6, 2008

Respectfully submitted,

**BAKER & McKENZIE LLP**
BRUCE H. JACKSON
IRENE V. GUTIERREZ

**BAKER & McKENZIE LLP**
MARCELLA BALLARD


By:  /s/
      Marcella Ballard
    Attorneys for Defendant
    NATIONAL TOBACCO COMPANY, LP

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

SFODMS/6550197.1

12

Case No C-08-01931 JSW
EVIDENTIARY OBJS BY DEFENDANT TO DECLARATION TESTIMONY BY PLAINTIFFS